All right, our next case is U.S. v. Mathis. Ms. Trodden. Thank you, your honor. May it please the court. The district court aired, and including in the written judgment in this case, a term of supervision and terms of supervised release, conditions of supervised release, that it did not pronounce orally in Mr. Mathis' presence at his resentencing in this case. With respect to Special Condition 3, the written judgment expanded substantially on what the judge had pronounced orally in sentencing, requiring not only warrantless search of Mr. Mathis' person, but also of his vehicle, of his home, of his office, and of his computers and other Internet devices and accounts. In addition, the written judgment also required this search to be conducted in order to ensure compliance, not only with the prohibition on possession of firearms and other dangerous devices, as the district judge had stated at sentencing, but to ensure compliance with all terms of supervision. So this substantially... If we agree with you, what do you want us to do about it? Your honor, I think there are two things that you can do, and there's one thing I'd like you not to do. So I think you could either follow the court's doctrine as it has been evolving in Singletary, in Kemp, and in Newby, and simply vacate the entire judgment and remand for resentencing. When we filed the briefing in this case, it was prior to this court's decision in Kemp and Newby, and it seems that the court is coalescing around the existence of a clear rule requiring a vacation of the judgment and remand for resentencing. That said, this court also recognized that in a situation in which there is a mandatory life sentence, and here there is for Mr. Mathis, there's two mandatory life sentences, that it may be appropriate to simply vacate the challenged conditions. And so in that case, if the court... So do you think there's a mandatory life exception to this Rogers protocol? No, I don't think that there should be. I think that the court might recognize... I think that is why my colleague, when she briefed this, requested that you simply vacate those conditions. That said, the fact that the district court can't impose any other condition doesn't necessarily mean that Mr. Mathis will never be released. I think we've seen with First Step Act, with the Compassionate Release motions, that there are situations in which people who have mandatory life do sometimes get released. So I wouldn't agree that this is... If you take these conditions out, it's not consistent with the oral pronouncement, that's to the defendant's benefit. How is he possibly prejudiced if you do that? If you take these conditions out? Right. I think if you remove the two conditions that we're discussing, that is to Mr. Mathis' benefit. He would agree that those should be removed. I just think given the way the court's doctrine has evolved, we wouldn't... It seems that precedent would require the court to vacate the judgment and remand. But that said, I do want to highlight what may not be obvious from the briefing, which is that the government and I do have a slight difference as to the remedy we're requesting here. So we're asking that the court vacate both conditions, strike the term of supervised release as to count 19,  but I believe the government agrees to that if you find an error. The government is asking you, as I understand it... You're going to come back to that one. Okay. You just said there are three things. There are two I want you to consider and one I definitely don't want you to do. I just got to know what the one you definitely don't want us to do is. I appreciate you bringing that up. Thank you. I don't see any benefit to the court vacating and part and remanding for partial resentencing. That seems like the worst of both worlds here. If we're going to do something where we require the expenditure of judicial resources, we require Mr. Mathis to be brought across the country for a sentencing, we should follow the clear rule that's been articulated in Singletary and in its progeny that we go ahead and do what the court requires and have a full resentencing. You don't think a limited remand to address this problem is a good idea? I don't, Your Honor. Why wouldn't that be the case? Why wouldn't that allow us to know what the district court... Now, we may not have authority to do that. I respect that argument. Why wouldn't that let us know for sure if the only two things that are at issue here are whether the district court just omitted Term 19 when all indications are he was trying to go through the PCR and list them out. He said he was going to do everything in the PCR but those two things. Maybe you have a different view. It looks like he just made a mistake and didn't say them. But why wouldn't we let him clear that up? What's wrong with that? I think there are two issues there. One of them is practical and the other one is, I guess, prudential. You're answering just the Count 19 question. Just the Count 19 question. Okay. I understood I was answering both. Well, you can answer both but it seems like to me that there's a difference here. You started with the special condition number three. I hadn't talked about the omission of the supervised release for Count 19. But since we're there, isn't there an argument under our case law that where there's an ambiguity between the oral pronouncement and the written decision that we're entitled to look at the written decision, clear up that ambiguity. And Judge Quattlebaum has alluded to that. So I think there are two places where the district court said, I'm going to do this according to the PSR. And there are a couple of exceptions, none of which have anything to do with our case today. And he left that out. Why isn't that an ambiguity? Your Honor, when courts find an ambiguity, they generally are finding an ambiguity between two things that the district court has stated. Well, there's an ambiguity here, isn't there? I mean, he said, I want to do this as recommended in the PSR. And then he left out 19. Well, what he said was he goes through the list and he says, as stated in the PSR at the end of the list, which is a little different from saying, I'm going to do this as recommended in the PSR. As stated in the PSR could be a reference to what the PSR lists about those conditions. It could be a reference to the fact that the PSR mentions those counts. At JA-105, he begins all this with, now it's my inclination to accept the PSR in all other respects, except for those two carve-outs which I mentioned. Yes, Your Honor. Maybe the place you're talking about, it's less definitive. But there at 106, I adopt the pre-sentence report in all other respects. I understand that argument, Your Honor. The difficulty there is that he says that he accepted the PSR, but that does not mean, and in practical terms here, did not mean that he actually agreed with all of the recommendations in the PSR. For example, the PSR had a fine condition, and he did not impose the fine as recommended by the PSR. He imposed a below guidelines fine in this case. The fact that he's saying I'm accepting the PSR is what I take to mean, yes, these are the findings of the PSR. I don't take that to mean, and I am agreeing to impose all of the things that the PSR says, because plainly he didn't. Whether we agree with that or don't agree with that, do you agree with this, that under our Osborne case, which is published, that we can look to what the district court said in the sentence and compare that to other things that the district court said at the sentence, and if there's some ambiguity there, we can look to the written judgment to clarify that. As a matter of principle, we can do that. That's absolutely right. Your position is there's not enough of an ambiguity, but the question on ambiguity is between two things the district court said, not just, you can't say the absence of 19 is not ambiguous, you look at inconsistent things. That's correct. My position is that the district court, the statement I accept to the PSR plainly didn't mean that he was agreeing with everything in it because of the fine, and the statement, as stated in the PSR, is not enough to create an ambiguity as to what he wished to do. All right, let's just assume for purposes of argument that we did find ambiguity as to the count 19 and utilized the written explanation of the court to resolve that ambiguity. What, then, do we do with the special condition three? So that, I believe, returns to Judge Quattlebaum's question, and I tried to recall it, but I think the question was why don't we just remand it for... I'm asking you to tell us in that circumstance what is it you want us to do. I would like you either to strike special condition three in its entirety rather than harmonizing it with the verbal condition, as the government suggests, or to vacate the entire judgment and remand for a full sentencing as Singletary and as its progeny in Kemp and Newby require. Can you just talk to us a little bit about, there seems to be a line that we draw here in the abstract between sort of clarifications, and I'm talking about in the context of the special condition three, clarifications and, as you said, substantial expansions. Substantial expansion sounds bad, right? Clarification sounds good, but can you just give us your take on how we ought to identify one versus the other, assuming that clarifications would be okay, substantial expansions would be not okay, but I have a little hard time sort of like figuring out where to draw that line. I think that there could be difficulties drawing that line on the margins, but this is not a margins case. How would you have us do it? I mean, those are sort of two sort of extremes. What would you suggest that we evaluate? What is the bar that we would look at to distinguish between a clarification and an expansion? I think you could look at, in the case of this special condition, what is Mr. Mathis being subject to? Is he being subject to wireless search of his person, or is he being subject to wireless search of his person, vehicle, home, office, computers, and social media accounts? And is that wireless search only related to ensuring compliance with the firearm condition, or is it to ensure compliance with all the conditions? Take the firearm, this idea, because what he says in the actual hearing is that, shall be subject to wireless search and seizure without limitation, right, to ensure compliance with these conditions. And these conditions maybe refers, as you're suggesting, to the previous sentence, but maybe refers to these conditions as like these supervised release conditions. It seems like in both of those scenarios, he doesn't limit the wireless search and seizure to his house or car. He leaves it broad and open-ended. So a clarification that it includes a car and a house seems like a clarification, not an expansion. And then the same thing with these conditions, maybe it refers to the previous sentence, maybe it refers to conditions as a whole, but that feels like a clarification, not an expansion to me. Although that's what I'm trying to get at. What's the animating principle to distinguish? Well, Your Honor, I think that if a search warrant said, so-and-so is subject to being searched, that would not necessarily mean searching his cell phone. And so this is plainly an expansion. But it doesn't say that, right? It doesn't say he is subject to search. What it says is he shall be subject to warrantless search and seizure. Right? And so, you know, we've also got the PSR, which gives us like a full explanation of what that provision is. So if we look at the PSR, it describes all of this. So this is not like a new idea, right? If you've read the PSR, you understand what the warrantless search and seizure provision looks like. It looks like, not exactly to be fair, but remarkably like the one that ends up in the judgment, right? So it's almost like it's a shorthand to say, hey, you know the warrantless search and seizure provision, that you're also going to be subject to that. I see my time is up. May I? Please answer. I don't. The court has been very clear that just including the special conditions the defendant is subject to in the PSR is not sufficient and they have to be pronounced orally. But if he had said this, to take hypothetical, and I won't keep you up much longer, but if the court, instead of saying this, had said that special condition about warrantless searches and seizures that's in the PSR, you're subject to it, and then reproduced it in the judgment, that'd be fine. Certainly. He can incorporate, but that's not what he said. Okay. But we would naturally read this as saying that's referring to the warrantless search and seizure provision that's in the PSR. I mean, there's only one. I think that that is not how the court has interpreted this. Certainly he says and he incorporates the standard conditions and says I'm incorporating the standard conditions and then I have these special conditions. And the special condition that he enunciates, that the judge enunciates, includes not simply that the defendant, that Mr. Mathis, is subject to warrantless search and seizure, but these other things that are not him. His car, his office, his computer, his social media accounts are also subject to search. Thank you. Thank you very much. We've got some rebuttal time. Ms. Taylor. Good morning, Your Honors. May it please the court, Laura Taylor on behalf of the United States. This court should affirm the written judgment of the district court because neither count 19 nor special condition number 3 amounts to reversible error. Count 19 should be affirmed under this court's precedent in Osborne and that is because the oral pronouncement at sentencing was indeed ambiguous and the written judgment clarified that ambiguity. And under this court's decision in Osborne, it is therefore appropriate to affirm the written judgment. With respect to special condition number 3, that should be affirmed under this court's precedent in Rogers because special condition number 3 merely details or clarifies the condition that was actually imposed in special condition number 2. How does that work? The defendant argues, even though Ms. Trodden, I don't think, covered this at her opening, that one of the conditions, the defendant shall warn any other occupants the premises may be subject to search, that this duty to warn is substantially different than whatever occurred during the sentencing hearing. So, that puts a burden on the defendant to give these warnings and if the defendant doesn't do that, then theoretically his supervised release can be revoked. So, why isn't that a substantive change? Yes, Your Honor. And the government acknowledges the relatively close call that this question presents and to Judge Richardson's point and to Your Honor's point, the line between a clarification and an expansion has never been clearly defined in the case law and certainly is gray enough to leave room for interpretation. Wouldn't the duty to warn be something of an expansion? Of all of the additions to special condition number 3, I would agree with Your Honor that the duty to warn is the closest to an expansion as opposed to a clarification. However, it's the government's position that that condition taken as a whole can be read as a clarification of the court's orally pronounced condition that Mr. Mathis be subject to warrantless search and seizure and that the probation office helped define what that warrantless search and seizure would look like the court adopted that implementation and included it in the written judgment. On that point, it's compelled speech. It's speech that, depending on where he lives, might get him evicted. Someone was subject to this. I mean, on the one hand, it kind of makes some sense, right? You want to put people on notice. On the other hand, it could have dramatic effects. There's no explanation of why that's necessary at the sentencing. That's a hard one to say. It's just a clarification. I appreciate the concern, Your Honor. I'm sorry. I'll let you finish that. As part of your answer, will you say, what if we think that's an expansion? What do we do about that given our law? Yes, Your Honor, I'm happy to turn to that. Let me first address what I would perhaps articulate as the defining line between a clarification and an expansion that I'm happy to turn to the remedy in the event that this court finds error here with respect to special condition number three. Although there is no clear case law on the principle dividing line between clarification and expansion, one interpretation could be whether or not the written judgment is providing details on how the orally pronounced condition is to be implemented, as opposed to imposing an otherwise unannounced condition. And here, the announced condition was requiring Mr. Mathis to be subject to warrantless search and seizure. And the implementation of that was provided in the written judgment in more detail, most of which actually inures to the benefit of Mr. Mathis, certainly requires reasonable suspicion of an actual violation of supervised release, and requires that the place to be searched may have evidence of the violation. And to Your Honor's point, the one portion of the implementation language that may be fairly characterized as both implementation and a new condition is the obligation to warrant. And, of course, I think that that was included in the written judgment in good spirit to try to make sure that there was protections in place for other residents or individuals who may be in the car with Mr. Mathis at the time of search. And so I think on the one hand, it could be interpreted as a means of implementation, and on the other hand, it could be interpreted as the imposition of a new condition. It's certainly the government's position on this appeal that this court could fairly interpret it as implementation, and therefore just a mere clarification of the orally announced condition, and therefore not subject to reverse. So let's just assume for argument purposes that we think that is an expansion. And what do we do there? Yes, Your Honor, I'm happy to turn to remedy. I think it's important to note at the outset, and I've certainly given this a lot of thought coming into today's argument, that there, at least from our position, is a meaningful distinction between the remedy that is appropriate in a Rogers or Singletary error, such as the one we're talking about here with Special Condition Number 3, as opposed to other errors in written judgment that don't fall under the category of Rogers and Singletary. So I'd like to address first the proper remedy for a Rogers and Singletary error, but I would note that I am doctrinally of the view that it would not apply to other errors in written judgments. So with respect to a Rogers or Singletary error, we of course... In other circuits, we wouldn't have this discussion at all, but let's leave that as it may. That is accurate, Your Honor. In preparation for today, I did survey all of the other circuits to confirm the representation in Judge Quattlebaum's concurrence in Kemp that the Fourth Circuit is an outlier, and that does indeed appear to be true. There is a circuit split among some of the other circuits as to the nature of the limited remand, and as Judge Quattlebaum has noted, the remand remedy has also been inconsistently employed, not only in this circuit, but in other circuits as well. So I start off by saying the government, and I assume the defense bar, would all enjoy clarity around this area, and I think we would all benefit from it. Some members of the bench would like that too. Yes, Your Honor. We, of course, recognize and respect the binding precedent that applies here. Rogers clearly held that a resentencing was required. It was repeated in Singletary 1. It was re-repeated in Singletary 2. It was then again confirmed in Kemp and again in Newby. So we honor and we respect that. We also do note that there is some tension within this court about how those decisions should be applied in various cases, and since Your Honor has asked in terms of what we think the remedy should be, we recognize that we may be bound by Singletary and Kemp, in which case it would have to be a full resentencing, but there are some reasons perhaps that's not the case, and the first of which is that in Singletary itself, as well as in Kemp, the court noted that a full resentencing was required only if so requested, and I would emphasize here that Mr. Mathis, in his opening brief, did not request a resentencing. And so it's not clear to me that that rule is required. Even more directly, it seems like, as I understand the counsel, and she can clarify this to the extent that she disagrees with this, we've been very clear that if the defendant requests not to have a full remand, but instead to merely vacate the provision, that that's permissible. And so the question I think comes back to you, if I'm correct about that assumption, were we to find that Condition 3 was an expansion? This is premised on that. Were we to so find, would the government join in the defendant's request to merely vacate Condition 3 as a sort of manner of resolving this case, given the situation that we have? That might be, in some sense, inconsistent, but probably something I think we've repeatedly said the parties could agree upon. Yes, Your Honor. I'd like to give a fulsome answer to that question because I do think it is the most important part of this case. So if you could bear with me a moment. Ultimately, the answer is yes, we think that a possible remedy would be to vacate at least those portions of Special Condition 3 that are inconsistent with the oral pronouncement. But to sort of the condition precedent to your question about whether or not the Fourth Circuit has permitted that, there is language in Singletary that suggests that even when the defendant asks for a vacatur of the condition, that that is not an available remedy. I think Judge Harris actually wrote in Singletary that the defendant in that case had indeed suggested the striking of the condition and that that was not going to be an available remedy. But then in Singletary 2, in Judge Harris's footnote there, she does suggest that perhaps the decision is left in the discretion of the defendant and could request a more narrow remedy. But in that footnote, the narrow remedy that is indicated is a limited remand, not this court taking a blue pencil and striking the condition. And so going to the government's welcoming of clarity on this topic, we certainly understand sort of the evolution of these cases and why this area requires a lot of grappling. But I don't know that under your circuit's binding precedent we could just strike the condition at this level. The government certainly does not object to that outcome, but in full transparency, I'm not sure it would be consistent with this court's binding precedent. Am I correct? I remember that you argued, or I read this somewhere, there is unpublished, there are unpublished cases in this circuit that seem to draw a line where you have mandatory life sentences. And I forget, Mr. Mathis has more than one here. Yes, Your Honor. Certainly the district court said, I'm imposing this sentence with the thought that he's never going to be out, but I've got to do this anyway. Is there a basis to say we treat these types of errors differently when there is a mandatory life sentence? The case Your Honor is referencing is Calderon, and it is indeed unpublished. And yes, in that case, this court decided to strike two conditions in part because the defendant had a mandatory life sentence. So, in many respects, that maps on directly to our situation here, except that Calderon was unpublished. The other thing about that is Kemp, that was proposed at least in oral argument in Kemp. And while we didn't necessarily take that on, we had that opportunity with an unpublished case to do it, and did not. So, I think part of the challenges here is a lot of inconsistency, one I think would fairly say with unpublished decisions. In published decisions, pretty much it's full resentencing with the caveat that you alluded to and Judge Richardson alluded to, that the defendant might concede a lesser relief. Now, you clarified that maybe not, because if the first singletary says you can't, can the second singletary say you can? And even if the second singletary says you can, did it just allow a specific type of lesser remedy? So, does that end up – it sounds like you would say we're probably bound by our first case as a technical matter, which is Singletary 1, and our hands are tied. I essentially agree with everything Your Honor just said. It is certainly my ethical responsibility to follow binding precedent, and I read those cases to indicate that the only available remedy, at least when requested by the defendant, is a full resentencing. If the defendant does not request the resentencing, it appears there may be room for an alternate remedy. However, that remedy may not necessarily be the vacatur of the condition by this court. The only alternate remedy that this court has suggested may be viable is a limited remand. And maybe I could speak to that for a second in the event that this court, either now or someday, reconsiders its position and is trying to understand kind of the full landscape of how the effects of these decisions run downstream.  As the government has reflected on this position in many cases now over the last many years, there's a balancing of interests. And sometimes those interests are competing, but many times they are not. And on the one hand, of course, there's the fundamental due process right of the defendant to be present for his sentencing. There's also the interest of making sure we effectuate the true intent of the district court judge. And then sometimes, in at least some of the cases, there's the interest of trying to be practical and making sure that we don't create unnecessary challenges where they don't need to exist. When it comes to a full resentencing, it's important to note that that is expensive for the government. It's expensive for all the stakeholders, but it also can have impacts on the defendant. Sometimes the defendant doesn't want to be moved and come back for a resentencing. He doesn't want to have rumors that he's a snitch or that he's somehow cooperating with the government. And so there are many practical reasons, especially in a mandatory life sentence case like this one, that a full resentencing may not be a practical solution. All that may augur for the Supreme Court to take a case because there is a split in the circuits. You have this substantially disproportionate expenditure of resources and time depending on where you are in the country. That's just an observation. Mr. Mathis, for example, is incarcerated in California. All of the other circuits have held that a limited remand is the appropriate remedy. And this goes back to the point that I started with, which is the distinction between... I just want to make sure. I think I understand the government's position, and I know you're trying to be very precise, and so I'm not trying to beat you away from that point. I totally understand it. But it seems like what you're saying is, I'm not sure that Fourth Circuit precedent permits it, but if it does, the government agrees to the striking of Special Condition 3 if we find that it is an expansion and not a clarification. Yes, Your Honor. We would agree to striking those portions of Special Condition 3 if we find it to be an expansion. All right, so that's a different statement. I couldn't tell what you were saying. That's what I wanted to ask. So you're agreeing only to strike the portions, not agreeing, given the context that we have here and the nature of the particulars of this case, to the striking of Special Condition 3 as a total, as sort of a matter of prosecutorial discretion, but instead saying we need to be limited to the particular provisions that we think are expansions? Correct, Your Honor. At the end of the day, I don't know that the government has a lot of vested interest in Special Condition 3, but I also stand here defending the district court's decision and wanting to help effectuate the district court's intent. And our district court told us that Mr. Mathis, if in the unlikely scenario was ever released from prison, should be subject to warrantless search and seizure. And the only place that... Well, if he ever got out. Correct, Your Honor. Assuming we excise Number 3, you could always go back to the district court and ask them to put it in. Yes, Your Honor. That is correct. In defense of the district court's intent, we think that only those portions of Special Condition 3 that were not orally announced should be struck. But we also understand as a matter of practical application going to competing interest Number 3 that at the end of the day, this will likely have no actual impact on Mr. Mathis or really on the government because in the unlikely event Mr. Mathis were to be released, the government or probation could always ask for this discretionary condition to be reimposed at that time. As you well know, discretionary conditions of supervised release are not set in stone at the time of sentencing. They can be supplemented, reduced, and amended upon the defendant's release from prison. So if hypothetically a limited remand was an option, the district court could affirm its intent to include the warning requirement. But if we found that was an expansion, to do that the defendant would have to be present even if there's not a forward sentencing, right? Yes, Your Honor. We agree with that. And same thing about condition... Well, never mind. I think the alternative would be that if you remanded on a limited remand, if the Fourth Circuit precedent allowed that, then both parties could go before the district court and say, we agree, if Your Honor is comfortable with it, to simply conform the written judgment to the oral pronouncement and take a red line to special condition number three to make it conform, and then you would not need the presence of the defendant, and you would be able to accomplish that without a resentencing of any nature. And it was my understanding from the opening brief of the appellant that that is what they were actually seeking, that they were requesting a limited remand. We'll find out about that and look at the brief, but if I could just have one more question, and you'll know this, you would think I would know, given what I've written, but my memory's failing right now. I can't recall the footnote in the second Singletary case. Do you have that at your fingertips? Yes, Your Honor, I do. I couldn't remember it. It's being passed over. It's footnote number seven, and it's addressing the concern of Mr. Singletary's counsel that his resentencing was in some way vindictive, and the footnote says that... We also note that for defendants bringing similar pronouncement claims under Singletary, any such concern might be mitigated, though we have held that defendants with valid Singletary claims are entitled to a full vacatur of their sentences and a remand for resentencing, cite Singletary, we see no reason a defendant could not elect to request a narrower remedy in the form of a limited remand on only the challenged conditions. And then it has a CF cite to McMiller, which is, of course, one of the cases where this court reverses for procedural unreasonableness. And there's a long line of cases where when this court reverses for procedural unreasonableness, the only... the scope of the remand, excuse me, is a limited resentencing on those conditions. That's your point of combining this to a Roger Singletary. You think there's, in other areas, you've got established law saying different things. Yes, Your Honor. The Unified Sentencing Doctrine often tethers or makes interdependent terms of incarceration, the custodial sentence with the term of supervised release. But if I read Ketter correctly, and if I read Venable correctly, which I know Judge Agee and Judge Palabom, you were on the Venable panel, the idea of the Unified Sentencing Doctrine is really tied to the terms of incarceration and the term of supervised release and not tied to the conditions of supervised release. And that has borne out over and over again in the circuit, particularly in the context of reversals based on procedural unreasonableness. In those cases like Arbaugh and McMiller and the like, when this court is reversed, then it's a limited remand. Oh, excuse me, Your Honor, I apologize. I am over time. If there's any further questions, I'd be happy to answer them. Otherwise, we appreciate the conversation. Thank you. All right. Ms. Trodden, so tell us again exactly what it is you want us to do. Your best-case scenario, what do we do? You vacate in its entirety the supervised release term as to Count 19, and you vacate in its entirety, you strike in its entirety Special Condition 3. So, Judge Richardson, you hit on the primary problem, which is that we don't actually agree about what to be done about Special Condition 3. So your position is that if, just confound it, Condition 3, hypothetically, your position is that if we don't vacate in its entirety, you're requesting a full resentencing? Yes, Your Honor. Daniel Mathis has to be brought across the country, and he will want to be present at his resentencing. It won't matter whether he wants to or not. Then we will... He will come. He's not going to waive it, as the government suggests. Right. So is it acceptable to you that if we made that determination, that we could do a limited remand based on footnote 7 of Singletary? No, Your Honor. No. All right. Because here is the problem is I think a limited remand, as I was going to say, is kind of the worst of both worlds, where you are creating an exception to Singletary. And from a litigant's point of view, I agree with my colleague that having some certainty is important. It's not clear that Singletary is particularly beneficial, the full remand and the resentencing is particularly beneficial to one side or the other. But I want to be able to advise my clients of what they're going to get. So to circle back, if we followed your first suggestion and simply vacated the two conditions, our authority to do that is what? Well, that is the tricky part, Your Honor. Well, we're looking for some answers to tricky questions. I would have said before, when I initially read the government's brief, I thought that we were in agreement about just striking special condition 3, and I would have proposed that one possible exception would be where the parties agree that the court can simply strike these things and does not need to remand for resentencing. Unfortunately, we're not in that position because the relief that we're seeking is just different enough to foreclose that. Do you read footnote 7? Because the other way to read footnote 7 is that it's the defendant's election. Yeah. Right, and maybe that does a lot with the comma that's in between there, but it's the defendant's election of the remedy, and so the defendant can elect a full resentencing, and that's the presumption. But they can ask for a more limited remedy, and that more limited remedy in that case was a reference to a limited remand, but maybe that's a non-exclusive list, and so the defendant, in theory, has the election of remedy. Is that a – talk about that for a minute? I think that would be an interpretation that I would – that I think we would support. Is that consistent? The challenge I've got with that is that doesn't seem like terribly consistent with any other way that we approach this or any other case, frankly. Right. Yeah, the difficulty, Your Honor, is that I think that my colleague is right, that in one of these cases that the defendant had asked for a more – Original one. Yes. That's the rule that arguably that footnote is inconsistent with. So there's a lot of inconsistency going around. And, you know, I think we would – We'll do our best to avoid clarity. We would just ask the court not to edit itself the special condition as the government's requesting because the special condition enunciated by the district court also is broader in some ways than what the district court – That's what you're not requesting. Right. So am I correct that what you are requesting is an opinion or order from this court that vacates these two items in toto? Yes. End of story. Yes. Or that simply continues the Singletary Rule so that we don't have additional exceptions and we have some predicament. We're only worried about this case today. So that's what I'm asking you. If the court determined to simply vacate these two provisions, that's acceptable to your client? Yes. Okay. Thank you, Your Honor. All right. Thank you very much. I'll get the clerk to declare the court an adjournment and we'll bring counsel. This honorable court stands adjourned until tomorrow morning. God save the United States and this honorable court.
judges: G. Steven Agee, Julius N. Richardson, A. Marvin Quattlebaum Jr.